IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL CHRISTOPHER BARTRAM,      :

    Petitioner,      :
                                      CIVIL ACTION 15-00573-CG-M
v.      :
                                      CRIMINAL ACTION 12-00171-CG-M
UNITED STATES OF AMERICA,      :

    Respondent.      :

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 36) and Respondent's Motion to Dismiss (Doc. 45). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 45) be granted, that Petitioner's Motion to Vacate (Doc. 36) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Daniel Christopher Bartram. It is further recommended that any certificate of appealability filed by Petitioner be denied as he

is not entitled to appeal *in forma pauperis*.

Bartram was indicted on July 26, 2012 for the following transgressions:  possession of a firearm, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession of ammunition, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (Count 2); (3) possession of pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1) (Count 3); and (4) possession, with intent to defraud, of two counterfeit twenty dollar bills in violation of 18 U.S.C. § 472 (Count 4) (Doc. 1).  On September 14, 2012, Petitioner entered into a Plea Agreement in which he pled guilty to Count One (possession of a firearm) of the indictment (Doc. 16).  Three days later, United States District Judge Granade accepted the Agreement and found Bartram guilty of Count One (Doc. 17).  On May 29, 2013, Judge Granade sentenced Petitioner to eighty-four months on the conviction, to run concurrently with any revocation sentencing imposed in specified state court cases, as well as three years of supervised release following his release from prison, and an assessment of one hundred dollars; judgment was entered on June

7, 2013 (*see* Doc. 32; *see also* Doc. 35).[1]  Bartram did not appeal his conviction or sentence (*see* Doc. 36, p. 2).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on October 28, 2015,[2] raising the single claim that his sentence was improperly enhanced (Doc. 36).  Respondent filed a Motion to Dismiss on May 2, 2016 (Doc. 45).  Though given the opportunity to file a reply (see Doc. 44),[3] as of this date, Bartram has not done so.

Before taking up Bartram's claim, the Court notes that Respondent has answered the Petitioner, arguing that this Petition should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 45).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

---

[1] On October 22, 2014, pursuant to Bartram's Motion (Doc. 34), judgment was amended to correct a scrivener's error entered in the original order (Doc. 35).

[2] Respondent states that Petitioner did not file this complaint until November 9, 2015 (Doc. 45, p. 1).  However, under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  That date, presumably, was October 28, 2015 (Doc. 36, p. 13).  *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (Absent evidence to the contrary, a prisoner is assumed to have delivered a filing to prison authorities on the date that he signed it).

[3] On May 2, 2016, this Court Ordered Bartram to show cause, no later than May 23, 2016, why this action should not be dismissed as time-barred.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The AEDPA became effective on April 24, 1996.  *Goodman v.*

*United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Since he did not file an appeal of his conviction or sentence, Bartram's conviction became final on June 21, 2013, fourteen days after the entry of judgment.  F.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after [] the entry of either the judgment or the order being appealed").  This action was not filed until October 28, 2015, which, on first blush, appears to be more than one year too late.

Petitioner has asserted, however, that the AEDPA limitations period was tolled because the United States Supreme Court, in *Johnson v. United States*, 544 U.S. 295, 302-04 (2005), held that the vacating of a prior state conviction, used to enhance a federal sentence, can start the one-year limitation under 28 U.S.C. § 2255(f)(3), set out above.  Bartram asserts that the State has vacated one of his prior convictions (Doc. 36, pp. 17-20) and that the limitations period began to run at that occurrence.

Respondent does not admit the vacation, but asserts that it is of no moment as Bartram's sentence in this action was not enhanced by the State conviction (Doc. 45, p. 3).  Review of the Presentence Investigation Report seems to confirm the assertion (Doc. 25).  The Court finds that Petitioner has not demonstrated

5

that this action is not barred under the one-year limitations period of AEDPA.

Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 45) be granted, that Petitioner's Motion to Vacate (Doc. 36) be denied, and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Bartram has not timely filed this

action, a reasonable jurist could not conclude that this Court errs in dismissing this petition or that he should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Respondent's Motion to Dismiss be granted (Doc. 45) and that Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. § 2254 (Doc. 36) be denied.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Daniel Christopher Bartram.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 27th day of May, 2016.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE